978 F.2d 715
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joe Allen ROBLES, Petitioner-Appellant,
v.
Warden CRIST, et al., Respondents-Appellees.
 No. 91-16781.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1992.*
Decided Nov. 6, 1992.
 
 Before SCHROEDER, FLETCHER and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joe Allen Robles, an Arizona state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 civil rights action as frivolous under 28 U.S.C. § 1915(d). Robles alleges that prison officials violated his fourth amendment rights by strip searching him upon his return from work within the prison. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.
 
 
 3
 We review the district court's section 1915(d) dismissal of an action prior to service of process for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992).
 
 
 4
 An in forma pauperis complaint may be dismissed before service of process under section 1915(d) if it is frivolous. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." Id. at 325. "In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt." Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988). We have previously held that routine visual strip searches of prisoners when they leave and return to their cell blocks are permissible only if reasonable in the prison context. See Michenfelder v. Sumner, 860 F.2d 328, 332-33 (9th Cir.1988).
 
 
 5
 In his complaint, Robles appears to allege that prisoners are being strip searched as punishment. Robles also appears to allege that the observation by prison guards of prisoners as they work and are searched violates the prisoners' right to privacy. Robles is apparently challenging the routine strip searches of prisoners returning to their cells from work on prison grounds. We cannot say that Robles' complaint lacks an arguable basis in law or fact. See Neitzke, 490 U.S. at 324. Accordingly, we remand the case to permit service of process on the defendants.[1]
 
 
 6
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Following a responsive pleading from the defendants, the district court may wish to consider appointing counsel to assist Robles in proceeding with this case